IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ACE AMERICAN INSURANCE COMPANY<br><br>Petitioner,<br><br>v.<br><br>PANORAMA TOWERS, II, LLC<br><br>Respondent. | CIVIL ACTION NO.<br><br>Petition to Confirm Arbitration Award<br>(9 U.S.C. §9) |

Petitioner, ACE American Insurance Company, a Pennsylvania corporation ("ACE" or "Petitioner"), for its petition to confirm arbitration award against Respondent, Panorama Towers, II, LLC, avers as follows:

## THE PARTIES

1. ACE is a corporation organized under the laws of the state of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania.

2. ACE is informed and believes that Respondent Panorama Towers, II, LLC ("Panorama") is an limited liability company, organized under the laws of the State of Nevada. At all times relevant hereto, Panorama was conducting business within Clark County, Nevada.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C.A. § 1332 (a), as ACE is a citizen of the State of Pennsylvania.

4. ACE is informed and believes, and thereon alleges, that Panorama is a citizen of the State of Nevada, and the amount in controversy in this matter exceeds $75,000.

{PH516482.1}

5.  Venue is proper in this District pursuant to the Federal Arbitration Act, 9 U.S.C.A. §9, because it is the District in which the arbitration award was made.

6.  Respondent Panorama is subject to the personal jurisdiction of this Court under the Federal Rule of Civil Procedure Rule 4(e).

## ARBITRATION AWARD

7.  In 2004, Panorama was developing a condominium tower in Las Vegas, Nevada.

8.  In connection with the condominium tower development, and at the request of Panorama, ACE offered to Panorama a contract entitled "Funded Multi-Line Deductible Program" (the "Contract"), which Panorama accepted. A copy of the signed Contract is attached hereto as Exhibit 1.

9.  The Contract set forth that ACE would provide for the benefit of Panorama certain policies of insurance, including a general liability policy of insurance and a workers' compensation policy of insurance covering certain periods.

10. Pursuant to the Contract, ACE sent invoices to Panorama in January 2010, which reflected an outstanding balance due ACE for the insurance policies of $145,687.00.

11. Panorama did not pay the invoices sent by ACE.

12. The Contract provided that any disputes between the parties arising under the Contract were to be submitted to binding arbitration, and a judgment upon any award issued by a panel of arbitrators was to be entered by any court to competent jurisdiction.

13. On May 24, 2010, ACE sent Panorama a "Demand for Arbitration" in accordance with Article IV, Section 5 of the Contract.

{PH516482.1}

14. A panel of the three arbitrators was appointed pursuant to the terms of the Contract to preside over the arbitration proceeding arising from ACE's demand to arbitrate its disputes with Panorama.

15. Despite many attempts to solicit Panorama's participation in the arbitration proceedings, Panorama failed to respond to ACE's demand for arbitration.

16. An Arbitration hearing was conducted on June 1, 2011, where the arbitrators considered the written evidence, the testimony presented by certain witnesses, and any submissions by any party present at the hearing.

17. On August 22, 2011, the arbitrators appointed to hear the dispute issued a "Final Order" (the "Award") in favor of ACE, a true and correct copy of which is attached hereto as Exhibit 2.

18. The Award stated that the arbitrators heard the testimony of the witnesses presented by on behalf of ACE, and memorialized in the Award that such witnesses testified to the following:

   (a) Panorama has previously paid all amounts due and owing under the Contract prior to January, 2010;
   (b) Panorama never challenged the amount due to ACE on the outstanding balance under the Contract; and,
   (c) Panorama never provided a substantive explanation for its failure to pay the outstanding balance due to ACE under the Contract.

19. The Award ordered Panorama to pay ACE the amount of $145,687.00 as damages due to the breach of Contract by Panorama, plus interest of $37,150.19 (at the rate of 1.5% per month since the breach on January 21, 2010), plus attorneys fees of $9,359.35 which ACE incurred as a consequence of having to undertake the arbitration proceeding.

20. Panorama has failed to voluntarily satisfy the Award in the time since it was issued, despite demand therefore being made by Panorama.

{PH516482.1}

21.  This petition is authorized by the terms of the Contract, and §9 of the Federal Arbitration Act.

22.  This petition is timely under §9 of the Federal Arbitration Act as it is filed within one year after the Award was made.

WHEREFORE, ACE prays for relief as follows:

1. That the Court issue an order confirming the Award, as authorized by §9 of the Federal Arbitration Act;
2. That the Court enter judgment in favor of the Act that conforms to the Award;
3. That ACE be awarded its attorneys fees and costs in pursuing this action, due to the failure of Panorama to satisfy the Award;
4. That ACE be awarded its attorneys fees and costs in enforcing the judgment entered by this Court; and
5. That the Court issue such other and further relief/orders as the Court deems just and proper under the circumstances.

Dated this 8TH day of February, 2012.

Respectfully submitted,

MARKS, O'NEILL, O'BRIEN
& COURTNEY, P.C.

By: _____
Patrick C. Lamb, Esq. (Pa. Bar No. 70817)
Zachary R. Magid, Esq. (Pa. Bar No. 205834)
Marks, O'Neill, O'Brien & Courtney, P.C.
1800 J.F.K. Blvd., Suite 1900
Philadelphia, PA 19103
(215) 564-6688
Attorneys for Petitioner,
ACE American Insurance Company

## VERIFICATION

STATE OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Robert M Turin, being first duly sworn, deposes and states:

That he is the Assistant General Counsel of Petitioner ACE American Insurance Company, Petitioner in the above-captioned action; that he has read the foregoing Petition and knows that contents thereof, and the same are true and correct, except for those matters alleged upon information and belief, and as to those matters, he believes them to be true.

_____
Robert M. Turin

SUBSCRIBED AND SWORN to before me
this 27th day of January, 2012.

_____
Notary Public in and for said
County and State

```
COMMONWEALTH OF PENNSYLVANIA
         NOTARIAL SEAL
  PAMELA L. MARTIN, Notary Public
    City of Philadelphia, Phila. County
 My Commission Expires September 1, 2014
```

{PH516482.1}

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2012, a true and correct copy of the Complaint of Petitioner Ace American Insurance Company was served on the following counsel of record and interested parties by hand-delivery and/or certified U.S. mail.

Panorama Towers II, LLC
4230 S. Decatur Blvd, Suite 200
Las Vegas, NV 89103

or

c/o Randon Hanson, Registered Agent
4471 Dean Martin Drive #3604
Las Vegas, NV 89103

2/9/12

By: _____
Patrick C. Lamb, Esq. (Pa. Bar No. 70817)
Zachary R. Magid, Esq. (Pa. Bar No. 205834)
Marks, O'Neill, O'Brien & Courtney, P.C.
1800 J.F.K. Blvd., Suite 1900
Philadelphia, PA 19103
(215) 564-6688
Attorneys for Petitioner,
Ace American Insurance Company

{PH516482.1}